B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>MADELEINE NGOKO | **DEFENDANTS**<br>4022 Georgia Avenue LLC, Wendell Webster Chapter 7 Trustee<br>Aaron D. Neal and Justin P. Fasano, Substitute Trusteees |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>THE IWEANOGES' FIRM, PC<br>1026 Monroe Street NE Washington DC 20017<br>(202) 347-7026 | **ATTORNEYS** (If Known)<br>Redmon Peyton & Braswell, LLP<br>510 King Street, Suite 301, Alexandria VA 22314 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☑ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $ Amount proved at trial

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>4022 Georgia Avenue LLC | BANKRUPTCY CASE NO.<br>23-00306- ELG | | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE<br>Elizabeth L. Gunn | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/CharlesCIweanoge/s/ | | | |
| DATE<br>06/12/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Charles C. Iweanoge | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>4022 GEORGIA AVENUE, LLC | Case No. 23-00306-ELG |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MADELEINE NGOKO<br>8802 Lanier Drive Unit 4<br>Silver Spring, Maryland 20011<br>　　　　　Plaintiff<br><br>v.<br><br>4022 GEORGIA AVENUE, LLC<br>c/o District Registered Agent Services, Inc.<br>1150 Connecticut Avenue, NW, Suite 201<br><br>And<br><br>WENDELL W. WEBSTER<br>Chapter 7 Trustee<br>1101 Connecticut Avenue, NW, Suite 402<br>Greenbelt, Maryland 22070<br><br>And<br><br>AARON D. NEAL, ESQUIRE<br>JUSTIN P. FASANO<br>Substitute Trustees<br>6404 Ivy Lane, Suite 820,<br>Greenbelt, Maryland 20770<br>　　　　　Defendants | INJUNCTIVE RELIEF,<br>DECLARATORY RELIEF, AND<br>BREACH OF CONTRACT<br><br>Adversary Proceeding No: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT FOR BREACH OF AGREEMENT, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

**COMES NOW**, Madeleine Ngoko, by and through her attorneys, Charles C. Iweanoge, and THE IWEANOGES' FIRM, P.C, brings this cause of action against 4022

1

Georgia Avenue, LLC (Debtor), Wendell W. Webster, Aaron D. Neal and Justin P. Fasano (Substitute Trustees) (collectively, the "Defendants"), for breach of agreement, injunctive relief, and declaratory judgment and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (O).

2. The venue of the Debtor's bankruptcy case and this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1391, 1408, and 1409.

## PARTIES

3. Plaintiff Madeleine Ngoko is an individual who purchased Unit C-1 from the Debtor as a commercial condominium.

4. Defendant 4022 Georgia Avenue LLC is a District of Columbia limited liability company owned and managed by Steven Sushner. Its principal purpose is to acquire 4022 Georgia Avenue, NW, from DV Investment, Inc. and convert the property into a District of Columbia condominium. Debtor is the seller and lender of Unit C-1 4022 Georgia Avenue, NW, Washington, DC.

5. Wendell Webster is the Chapter 7 Trustee who appointed the Defendants, Aaron D. Neal and Justin P. Fasano, as Substitute Trustees.

## **FACTS COMMON TO ALL COUNTS**

6. On or about March 30, 2021, the Debtor/Defendant listed 4022 Georgia Avenue, NW, Unit C-1, for sale at $572,000.00. The advertising described the property as:

2

> Fully-renovated, modern retail space is business-ready! Retail unit is for sale. Spacious 1000sf with tall 10' ceilings, existing 5 ton HVAC, flooring, lighting, hot water heater, bathroom and 200 amp electrical panel. Surrounded by high-end apartment buildings, Georgia Ave METRO a block away. Front and back outdoor areas with gracious french doors - bring the outside in! Pedestrian access from alley in rear. Great for dining, coffee drinking, pet waiting, siting, selling, displaying. Loads of potential uses - coffee shop, restaurant, salon, office, medical, nails, bar, boutique, church... One parking space conveys with the sale for 2 years. More than 1 space may be possible. Solid existing retail presence in immediate area, very walkable. Owner will consider OWNER FINANCING.

7.  Without an agent, the plaintiff approached Mr. Sushner to purchase the commercial condominium unit 4022 Georgia Avenue, NW, Unit C-1, Washington, DC 20011. The debtor offered to finance ninety percent (90) of the purchase price, representing five hundred and four thousand Dollars ($504,000.00) at nine percent interest (9%). The owner financing was desirable and induced Plaintiff to enter into the purchase agreement because the Debtor did not require the usual twenty percent (20%) down payment in commercial real estate financing.

8.  Upon available information, 4022 Georgia Avenue, NW, Washington, DC 20011 was substantially complete before building permits were obtained and fraudulently issued. Records reveal that the Debtor built a 6-story rather than a 4-story plus loft building. The property is a three-unit condominium with two residential and one commercial unit.

9.  The owners of the residential condominium units purchased their units in 2020 and noticed significant structural and non-structural defects in the construction of the building. The condominium owners notified the Defendants, Debtor, and Mr. Sushner of the defects.

3

10. Before purchasing the property, the plaintiff had numerous conversations with Mr. Sushner and informed him that he intended to use her condominium as a beauty shop and salon. Mr. Sushner promised and assured Plaintiff that the condominium would be suitable for the intended purpose and that a certificate of occupancy would be easily obtained immediately after closing, which induced Plaintiff to purchase the condominium.

11. The property was sold to Plaintiff by the Debtor and self-financed by Defendant 4022 Gorgia Avenue LLC. The purchase price for the condominium was $560,000.00, and the Plaintiff made a down payment of $56,000.00. The debtor financed the $504,000.00 used in the purchase of the property. However, Debtor promised to return the earnest money deposit of twenty thousand dollars ($20,000.00) when the property is refinanced.

12. The loan closed on June 14, 2021, when the Plaintiff executed a Deed of Trust for a mortgage of $504,000.00 and obtained a Deed to the property. After the Plaintiff took possession of the premises, she noticed that the property had no Electric Meter, which cost the Plaintiff $2,500.00 to obtain and install a new one.

13. Since Plaintiff purchased the property, District of Columbia Department of Consumer and Regulatory Affairs building officials found that the approved original engineering drawings should not have been approved because they did not account for sufficient lateral support because of their lack of adequate lateral force-resistant system.

4

14. Due to the defective construction, the Department of Buildings determined that the building is unsafe and has refused to issue any building permits to Plaintiff or issue a Certificate of Occupancy for Plaintiff to complete renovation and commence business at the premises as intended.

15. Between June 14, 2021, and February 2022, Plaintiff made the following payments towards the loan and expenses related to the condominium:

| Date | Description | Amount |
| --- | --- | --- |
| June 7, 2021 | Earnest Money Deposit | $20,000.00 |
| June 10, 2021 | Down Payment | $51,089.98 |
| June 14, 2021 | Interest payment | $3,966.00 |
| August 2, 2021 | Interest payment | $3,780.00 |
| September 2021 | Interest payment | $3,780.00 |
| October 4, 2021 | Interest payment | $3,780.00 |
| November 4, 2021 | Interest Payment | $3,780.00 |
| December 3, 2021 | Interest Payment | $3,780.00 |
| December 3, 2021 | Principal Payment | $30,000.00 |
| January 6, 2022 | Interest Payment | $3,555.00 |
| February 4, 2022 | Interest Payment | $3,555.00 |
| Total | | $131,065.98 |

5

16. In addition, the Plaintiff has continued to pay insurance of $480,000.00 per month, property tax totaling $30,224.58, Condominium Assessments, and two special assessment payments.

17. The Condominium association and the residential unit owners filed a lawsuit titled <u>Darinka Komljenovic, Nickolas Komljenovic, Kushan Dave, Swati Sachdeva, and 4022 Georgia Avenue Condominium Association v. Steven Susuher and 4022 Georgia Avenue, LLC</u> Case #: 2022 CA 000305 B on January 25, 2022. This lawsuit involved eight (8) counts, namely, (i) Count I - Breach of Warranty by Seller Declarant, (ii) Count II - Breach of Warranty amounting to a willful fraud, (iii) Count III - Implied Warranty of Good faith and fair dealing, (iv) Cunt IV - breach of fiduciary duty by Sushner, (v) Count V - Property Damage by Contractor, (vi) Count VI - Actual fraud, and (vii) Count VII - construction fraud, and (viii) Count VIII - violation of the District of Columbia Consumer Protection Procedural Act. The complaint sought damages for all the Plaintiffs for two million dollars on each count, triple damages for six million dollars on Count VIII, punitive damages, and attorney's fees.

18. On or about January 27, 2022, the plaintiff informed Mr. Sushner of her problems due to the lawsuit and the Department of Building's refusal to issue a building permit or certificate of occupancy. See Exhibit 1: Text Message dated January 27, 2022. The plaintiff advised that she has been paying her mortgage since June 2021 without being able to occupy the unit because of

6

the defective construction, litigation, and DOB determination that the building is unsafe.

19. Through Mr. Sushner, the Debtor instructed the Plaintiff to waived the mortgage payment until the issues relating to the property that have made it impossible for the Plaintiff to obtain a permit and certificate of occupancy are resolved. Upon information, Mr. Sushner, as the debtor's representative, told the Trustee that the Note had not defaulted because the Debtor Waived payments until deficiencies resulting in non-issuance of permits and Certificates of Occupancy were abated. This oral agreement was confirmed by text message dated March 14, 2022. See Exhibit 2: Text Message dated March 14, 2022.

20. Subsequently, in a telephone conversation on May 16, 2022, Mr. Sushner informed the Plaintiff that he was waiving all interest payments on the Note due to the inability to resolve the issues.

21. The problems with the property and obtaining a permit continued, and in October, the Plaintiff agreed to have two holes dug in her condominium to resolve the issues. See Exhibit 3: Text messages dated October 3, 2022.

22. Contrary to the agreement with Mr. Sushner and Debtor, the Defendants, Justin P. Fasano, Esquire, and Aaron Neal, Esquire, have commenced foreclosure of the condominium with a sale date of June 27, 2024, at 11:00 am. The foreclosure sale was initiated without any notice of default from the Chapter 7 Trustee or the Substitute Trustees.

7

23. Defendants are attempting to sell the condominium they knew was unsuitable for any commercial purpose because DOB would not issue any permits or Certificate of Occupancy due to the defective construction that has not been abated. The advertising for the sale failed to disclose this material fact to intending purchasers, especially since the Debtor's sole asset that would be used in abating the multimillion-dollar repairs would be less than $500,000.00. Moreover, the successful foreclosure purchaser would be unable to occupy the unit because DOB would not issue permits or Certificate of Occupancy because of the known defects and unsafe nature of the premises. The foreclosure notice failed to disclose that the purchaser would be subject to thousands of dollars in special assessments for the litigation and repair of the building since the assets of the Debtor would be insufficient.

24. The foreclosure sale of the condominium unit, with knowledge of the defects and the likely inability of the debtor's estate to have sufficient funds to abate the defective construction, would be fraud on the successful bidder, who would be unable to use the condominium unit.

## COUNT I:
## Breach of Agreement
## (4022 Georgia Avenue LLC)

25. The Plaintiff reallege and incorporate herein by reference all allegations contained in paragraphs 1 through 22 hereof as if fully set forth herein.

26. Defendant Debtor engaged in fraudulent conduct by obtaining illegal permits after the property was substantially completed, knowing that it was not built

8

in accordance with the District of Columbia Building Code. The complaint from the residential condominium purchasers stated that the condominium was advertised for sale without disclosing the known construction defects to the Plaintiff.

27. The debtor knew that the building was substantially constructed without a permit and of the defects when the condominium was advertised for sale in 2021. The property was advertised as owner financing to lure unsuspecting purchasers like the Plaintiff and avoid the scrutiny and inspections that would have been required if the plaintiff had used a third party to finance the purchase.

28. The debtor falsely asserted that the condominium was ready for use and that Plaintiff could obtain a certificate of occupancy to commence her business there even though no meter was installed. The known defects to the building in June 2021 would make it impossible for the Plaintiff to begin her business at the condominium to pay the loan within sixty (60) months. The debtor self-financed the loan to conceal the defects in the building's construction that had been revealed to it.

29. The Debtor knowingly and intentionally misrepresented the condominium's status so that it could sell it to the Plaintiff by financing the loan and receiving interest payments for a property unsuitable for its intended purpose.

30. The debtor knowingly and intentionally misrepresented the status of the plaintiff's condominium because it knew or should have known that the occupancy permit would not be issued when they illegally obtained construction permits were revealed.

9

31. When the Plaintiff questioned the status of the litigation regarding the property and the impossibility of conducting business without a Certificate of Occupancy, the Debtor implored the Plaintiff to be patient until the litigation was resolved and deficiencies abated.

32. The Plaintiff and the Debtor agreed to waive mortgage interest payments until the condominium structural issues were resolved and permits issued.

33. The plaintiff relied on the debtor's representation that all mortgage payments would be waived and waited for the abatement of the structural defects, which would allow DOB to issue permits and a Certificate of Occupancy.

34. The debtor knew that Plaintiff would probably rely on, and was, in fact, relying upon, the agreement that mortgage interest payment was waived and that Plaintiff would incur damage.

35. Since purchasing the property, the plaintiff has been unable to use the location for her business and has rented another location. The other locations rented by Plaintiff are less lucrative than the Georgia Avenue location.

WHEREFORE, Plaintiffs pray for relief as requested herein below.

## COUNT II
## DECLARATORY JUDGMENT

36. Plaintiff incorporates the proceeding paragraphs 1 through 35 hereto as if fully set forth herein.

37. Pursuant to the Declaratory Judgment Act set forth at 28 U.S.C. § 2201, et seq.,

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare

10

the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

38. There is an actual controversy between Plaintiff and all named Defendants due to the following:

   a. The debtor sold and financed the purchase of 4022 Georgia Avenue NW Unit C-1 to the Plaintiff. Due to defects known, acknowledged, and accepted by the debtor, the Debtor waived all mortgage interest payments until the defects were abated and DOB declared the property safe to issue a certificate of Occupancy.

   b. The debtor filed for Chapter 7 Bankruptcy, and the Chapter 7 Trustee commenced foreclosure without first abating the acknowledged defects that caused DOB to declare the property unsafe.

   c. The condominium is scheduled for foreclosure on June 27, 2024, at 11 a.m. The foreclosure advertising fails to disclose the structural defects known to the defendants.

39. Defendants also failed to provide the Plaintiff with a notice of default or termination of the suspension of mortgage payment before commencing the foreclosure sale scheduled for June 27, 2024.

40. Defendants, by failing to provide (1) notice of default, (2) notice of termination of the suspension of mortgage payment, and (3) abating the structural defect known and acknowledged by the Debtor, cannot foreclose on the note and mortgage. Knowingly selling an unsafe and structurally defective building without disclosure is fraudulent.

41. Plaintiff has waited patiently for about three years for an abatement as promised by the Debtor, only for the Substitute Trustees to tacitly attempt to

11

foreclose on the property to deprive Plaintiff of all the monies spent on the condominium.

WHEREFORE, Plaintiffs pray for relief as requested herein below.

### COUNT III:
### INJUNCTIVE RELIEF

42. Plaintiff incorporates the preceding paragraphs 1 through 41 as if fully set forth herein.

43. Wendell W. Webster, Chapter 7 Trustee, appointed Aaron D. Neal and Justin P. Fasano ("Substitute Trustees") as Substitute Trustees pursuant to an "Appointment Substitute of Trustees" dated February 1, 2024, among the Land Records of District of Columbia as Doc #: 2024010641.

44. On May 21, 2024, the Substitute Trustees initiated a foreclosure action relative to the subject Loan, Note, and Deed of Trust by filing a Notice of Foreclosure Sale of Real Property or Condominium Unit.

45. The substitute Trustee has scheduled the foreclosure of the property for June 27, 2024, necessitating that this Court, through this action, determines (1) the rights and legal obligations of the parties hereto to each other as collectively set forth herein, and (2) determine whether Plaintiff has defaulted on the Deed of Trust and Note and whether they can proceed on the foreclosure.

46. Plaintiff avers that the note has not defaulted because the Debtor waived all monthly interest payments until the DOB considers the condominium safe enough to issue permits and a Certificate of Occupancy. Accordingly, any action by Substitute Trustees is entirely premature, unwarranted, unauthorized, and illegal.

12

47. Plaintiff is threatened with immediate, irreparable harm if any of the Defendants are permitted to declare the Note and Deed of Trust in default without abating the structural defects. If Defendants are not stopped from conducting a foreclosure sale on June 27, 2024, Plaintiff could and would thereby lose her business condominium.

48. Plaintiff is entitled to a permanent injunction against all Defendants in this case, and their assigns, prohibiting them from taking any action to foreclose, auction, sell, transfer, and/or possess the aforesaid real property and/or any interest therein without first abating the structural defects that Debtor acknowledged and sought to abated but for the lingering lawsuit by the residential condominium owners.

49. Plaintiff has a substantial likelihood of prevailing on the merits based on the issues presented herein, specifically, to wit: (1) rescission based on illegality, failure of consideration, fraud, and undue influence, (2) a determination of the rights and legal obligations of the parties hereto to each other, (3) the status of the Note and Deed of Trust in light of the condition of the property and Plaintiff's obligations thereunder, if any.

50. Plaintiff requests that this Court grant a permanent injunction precluding Defendants from engaging in any wrongful conduct and foreclosure during the pendency of this action.

51. Based on the rescission and other assertions in the complaint, the Chapter 7 Trustee, through the Substitute Trustees, cannot foreclose on the property based on the non-payment of the waived monthly mortgage payment.

13

52. Foreclosure of the property will cause irreparable harm to Plaintiff, and there will be no adequate remedy at law because of the unique nature of Plaintiff's interest in the property that the foreclosure sale may extinguish.

53. Injunctive relief is necessary to enjoin Defendants from obtaining possession of Plaintiff's Property through foreclosure sale o since they lack standing and any enforceable right.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully prays unto this Honorable Court as follows:

(1) That an Order be issued for the reasons heretofore set forth:

   (A) Enjoining the Foreclosure of 4022 Georgia Avenue, NW, Unit C-1, Washington, DC 20011; and,

   (B) For mandatory and prohibitory temporary restraining orders, preliminary injunctions, and permanent injunctions enjoining Defendants as follows:

      (i) That the Defendants be enjoined from initiating and/or maintaining any foreclosure action against Plaintiff and/or her interest in 4022 Georgia Avenue, NW, Unit C-1, Washington, DC 2001 until all structural defects are abated; and,

   (c) Monetary damages in an amount that will be proved at trial;

   (d) For such other and further injunctive relief as may be deemed just and proper under the circumstances.

14

## AFFIRMATION

I, MADELEINE NGOKO, AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FACTUAL STATEMENTS IN THIS VERIFIED COMPLAINT ARE BASED ON PERSONAL KNOWLEDGE AND ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

*(signature)*

MADELEINE NGOKO

Respectfully submitted,
**THE IWEANOGES' FIRM, P.C.**

By: /s/CharlesCIweanoge
 Charles C. Iweanoge
 IWEANOGE LAW CENTER
 1026 Monroe Street, NE
 Washington, D.C. 20017
 Phone: (202) 347-7026
 Fax: (202) 347-7108
 Email: cci@iweanogesfirm.com

15



Jan 27, 2022 at 10:26 AM

> Gm Steeve, hope all is well? Just wanted to keep you up to speed of what's going on in my place. I personally called DCRA for my permit and they said that it's specifically because of the issues of the building that they are not giving me the permit. The issue has to be fixed before delivering my permit. Those people upstairs called DC inspectors to report that we are operating without license and we're completely close now. Where are you on your end about the permit? Please you need to push more and called for it, because if you don't push nothing will be done soon. Please please take this into consideration. Thanks.

Jan 27, 2022 at 1:25 PM

At present the sole reason that we don't have a permit is because the hoa won't consent to dcra granting it to us.

Feb 3, 2022 at 3:33 PM

> Please can you send me the condo documents by law? I need it. Thx

Feb 3, 2022 at 11:49 PM

Yes. Please email me at steve@districttitle.com and I can email





Plaintiff's Exhibit 1



202 425-5727

Mar 14, 2022 at 3:29 PM

Good morning Steeve

Please can you confirm the break on mortgage payments as we spoke until we are settle.

Thank you very much.

Per our conversation you may skip the March payment without penalty. When we get to April i will likely agree to the same. Note that interest will accrue but will not be treated as late.

I don't understand the fact that the interest will accrue

I am allowing you not to make payments without penalty but interest is still charged on the loan for the days that it is outstanding. When we get past this we can work something out with the interest.

Aug 4, 2022 at 5:48 PM

I'm in the middle of something. I'll call you when done.

Ok

Aug 4, 2022 at 9:00 PM



Plaintiff's Exhibit 2



**2:43**

202 425-5727

Tue, Oct 3 at 1:42 PM

I'm almost at a solution. But the homeowners association wants a hole dug through your floor, roughly 3 feet by 2 feet and 2 feet deep to show them that the foundation footer was actually poured. Would you be willing to allow us to do this and put it back.

Our contractor.

Tue, Oct 3 at 4:09 PM

You need to bring georgia builders back in to good standing.

> We don't this message.
> Understand *
> Absolutely 💯

They are now requesting that 2 holes be dug. Are you willing to agree to that?

> I agree

Thanks.

Formal written agreement not yet signed but we agreed on terms. I will follow up when I know more.

*Plaintiff's Exhibit 3*